UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-80030-CR-DIMITROULEAS/MATTHEWMAN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PHILLIP BRAUN AND
BLACKSTONE LABS, LLC,

    Defendants.
_____/

FILED BY _____ D.C.

APR 29 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER ON GOVERNMENT'S MOTION TO DISQUALIFY DEFENSE COUNSEL AS TO DEFENDANTS PHILLIP BRAUN AND BLACKSTONE LABS, LLC [DE 71] AND ORDER FOLLOWING *GARCIA* HEARING

THIS CAUSE is before the Court upon the Government's Motion to Disqualify Defense Counsel as to Defendants Phillip Braun and Blackstone Labs, LLC ("Motion") [DE 71], and following a hearing regarding joint representation of two co-defendants pursuant to Federal Rule of Criminal Procedure 44(c) and *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975). Defendants filed responses [DEs 91, 92] to the Government's Motion to Disqualify, the Government filed replies [DEs 101, 102], and Defendant Braun filed a sur-reply [DE 120]. On April 22, 2019, the Court held a combined *Garcia* hearing/evidentiary hearing pursuant to Federal Rule of Criminal Procedure 44(c) and on the Government's Motion to Disqualify Defense Counsel. The undersigned has carefully considered the parties' arguments and voluminous pleadings, as well as the testimony presented at the April 22, 2019 hearing, and the entire docket in this case.

The issues were extensively briefed and argued by the parties' counsel, and a lengthy

1

evidentiary hearing was held on April 22, 2019. The Court heard testimony from five persons relevant to the conflict issues and waiver of all actual or potential conflicts. At the conclusion of the April 22, 2019 evidentiary hearing, the Court orally denied the Government's Motion to Disqualify and ruled that joint representation of Defendants Braun and Blackstone by Kuehne Davis Law, P.A., was permissible. The Court explained the reasons for its rulings on the record at the hearing. The Court then accepted the permanent appearance of counsel from attorney Ben Kuehne, Esq., for Defendant Phillip Braun and a permanent appearance of counsel from his partner, Michael Davis, Esq., for Defendant Blackstone. Both Defendants were then promptly arraigned. This written Order is now being entered to memorialize and further explain the Court's findings and rulings.

## I. Relevant Facts

### *a. The Two Conflict Issues*

This case involves two conflict of counsel issues. The first conflict asserted by the Government involves two defense attorneys from Kuehne Davis Law, P.A. ("KD Law") representing two defendants in this case. Specifically, Ben Kuehne, Esq., a partner at KD Law, seeks to represent an individual defendant, Phillip Braun, and Michael Davis, Esq., also a partner at KD Law, seeks to represent a corporate defendant, Blackstone Labs, LLC ("Blackstone"), in this criminal matter. This first conflict issue deals with the propriety of KD Law's joint representation of two co-defendants in this prosecution. In order to resolve this joint representation conflict issue, the Court must follow the dictates of *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), and hold an appropriate hearing, commonly referred to as a *Garcia* hearing, and comply with Federal Rule of Criminal Procedure 44(c) and other applicable case law.

The second conflict asserted by the Government deals with KD Law's former 2018 representation of three individuals before the grand jury which returned the Indictment against Defendants. The Government claims that these three witnesses are directly adverse to KD Law's clients in this case, Defendants Braun and Blackstone, as these three witnesses will likely testify in this case at trial. This alleged conflict implicates Rule 4-1.7 of the Rules Regulating the Florida Bar, Southern District of Florida Local Rule 11.21(c), the Eleventh Circuit's opinion in *United States v. Ross*, 33 F.3d 1507 (11th Cir. 1994), the Supreme Court's opinion in *Wheat v. United States*, 486 U.S. 153 (1988), and other applicable case law, as it involves the prior representation by KD Law of three individuals before the grand jury in 2018 who were employed by Blackstone during their grand jury testimony and who will likely be called as trial witnesses. The three witnesses are Christopher Herron, Grant Roberts, and Aaron Clark. KD Law no longer represents any of these three witnesses. The Government argues that, because of KD Law's prior representation of these three witnesses before the grand jury in 2018, each of whom is likely to testify at trial, KD Law must be disqualified from representing Defendants Braun and Blackstone in this prosecution as the three witnesses are materially adverse to Defendants Braun and Blackstone.

### *b. The April 22, 2019 Evidentiary Hearing*

In light of the conflict issues raised, the Court scheduled a *Garcia* hearing/evidentiary hearing to address all conflict issues. At the April 22, 2019 combined *Garcia* hearing/evidentiary hearing, the Government introduced Exhibits # 1-6 and 10-38. *See* DE 117. Several of the exhibits were previously attached to the Government's filings in this case. The exhibits consist of emails, text messages, and a federal court civil filing. The Government generally introduced its evidence

to show the expected testimony and overt acts of Christopher Herron, Aaron Clark, and Grant Roberts, the three individuals who were or are employees of Blackstone, who are fact witnesses in this criminal case, and who KD Law represented before the grand jury in 2018. The Court admitted all of Government's exhibits, some of which were admitted over defense objection.

Defendants relied on the documentary evidence they had previously attached to their responses [DEs 91, 92] to the Government's Motion. Included in these documents are written waivers of conflict from Christopher Herron, Grant Roberts, and Aaron Clark [DE 91, pp. 22-27].

At the hearing, the Court also heard the testimony of five witnesses. Defendant Phillip Braun and witness Christopher Herron testified in person. Witnesses Grant Roberts and Aaron Clark testified by videoconference. Finally, Jared Wheat, the majority owner of the corporate defendant, Blackstone, testified at the hearing through videoconference. The Court conducted full colloquies of each of these five individuals, all of whom were represented by counsel present during their testimony, to ensure that each was competent, that each understood the concepts of prior representation and joint representation, that each understood the actual and potential conflicts of interest that could arise in this case, that each was not being paid money or anything of value to waive any conflicts, and that each had sufficiently conferred with independent counsel before making their respective decisions. The Court also inquired about each individual's age, education, mental capacity, and other characteristics relevant to their ability to waive the conflicts of counsel. Finally, the Court advised all five individuals they could take a break in the proceedings at any time to consult with their counsel and, further, that the Court would make available an attorney from the Federal Public Defender's office if any of them wanted to speak with an additional

independent attorney.[1]

Witnesses Christopher Herron, Grant Roberts, and Aaron Clark all testified that they were employed at Blackstone when they appeared before the grand jury in 2018[2], that Blackstone provided the services of KD Law to represent them only in their capacity as employees of Blackstone, and that they imparted no confidential information to KD Law at any time. Mr. Herron, Mr. Roberts, and Mr. Clark all stated that they understood that their current independent counsel, Jack Goldberger, Esq., was being compensated by Blackstone.[3] Ultimately, after conducting the full colloquies described above, hearing their testimony, and observing their demeanor and determining their credibility, the Court found Mr. Herron, Mr. Roberts, and Mr. Clark to be competent and credible. The Court also determined that Mr. Herron, Mr. Roberts, and Mr. Clark were fully aware of the actual or potential conflicts which may arise in this case and that each knowingly, intelligently, voluntarily, and with the assistance of competent, independent counsel, waived any such actual or potential conflict resulting from their prior representation by KD Law and KD Law's current representation of Defendants Braun and Blackstone in this criminal prosecution.

The Court also heard from Jared Wheat, who was represented by independent counsel Arthur Leach, Esq., a Georgia attorney. Mr. Leach was present with Mr. Wheat during Mr. Wheat's video testimony. Mr. Wheat testified that he is the majority owner of Blackstone and that

---

[1] None of the five individuals requested to confer with an independent attorney from the Federal Public Defender's office.

[2] Mr. Herron is the only one of the three witnesses who is still currently employed at Blackstone.

[3] Jack Goldberger, Esq., was present in Court during each of the three witnesses' testimony as he was independent counsel for each of the three witnesses. Mr. Goldberger represented to the Court that, although Blackstone is paying his attorney's fees for representation of the three witnesses, he is exercising independent judgment and providing independent counsel and advice to each of the three witnesses. The Court notes that Mr. Goldberger has been practicing law for more than 40 years and has a stellar reputation as a capable and ethical attorney in state and federal court in this District. The Court has no doubt that Mr. Goldberger is fulfilling his ethical and professional duties to these three witnesses.

he and Defendant Braun are the only owners of the company. Mr. Wheat owns 65% of Blackstone, and Defendant Braun owns 35% of Blackstone. Mr. Wheat explained that he, on behalf of Blackstone, recommended KD Law to Blackstone and that he wants KD Law to represent Blackstone in this criminal prosecution. Mr. Wheat stated that he, on behalf of Blackstone, is fully aware of all actual and potential conflicts which may arise from KD Law's joint representation of Defendant Braun and Blackstone and from KD Law's prior representation of the three witnesses before the grand jury in 2018. Mr. Wheat stated that he, on behalf of Blackstone, waived all potential and actual conflicts of interest regarding KD Law's former representation of the three Blackstone employees and KD Law's joint representation of Defendants Braun and Blackstone in this criminal prosecution. Ultimately, the Court found Mr. Wheat to be the majority owner and an authorized representative of Blackstone. The Court found him to be competent and found that he, on behalf of Blackstone, is fully aware of the actual and potential conflicts which may arise and that he, on behalf of Blackstone, knowingly, intelligently, voluntarily, and with the assistance of competent, independent counsel, waived any actual or potential conflicts which may arise resulting from KD Law's prior representation of the three Blackstone employees and from KD Law's joint representation of Defendants Blackstone and Braun in this federal prosecution.

Defendant Phillip Braun also testified. Defendant Braun stated that he is the manager, president, and CEO of Blackstone and that he and Mr. Wheat are the only two owners of Blackstone. Defendant Braun testified on his own behalf and also on behalf of Blackstone as he is a minority owner and an authorized representative of Blackstone. The Court discussed at length with him the various potential conflicts of interest that could arise in this case in regard to himself and in regard to Blackstone. Defendant Braun testified that he waived all actual and potential

conflicts on both his own behalf and on behalf of Blackstone that may or could arise in this case. Defendant Braun, on his own behalf and also on behalf of Blackstone, stated that he is fully aware of the conflicts of interest which could arise due to KD Law's prior representation of the three witnesses before the grand jury and KD Law's current joint representation of both Defendant Braun and Blackstone in this criminal prosecution. Defendant Braun further testified that he signed the two corporate resolutions that were passed by 100% of the shareholders of Blackstone. Defendant Braun stated that he wants KD Law to jointly represent him and Defendant Blackstone in this federal prosecution. The Court found Defendant Braun to be competent and found that he, on behalf of both himself and on behalf of Blackstone, was fully aware of the actual or potential conflicts which might arise in this case and that he, on behalf of himself and on behalf of Blackstone, knowingly, intelligently, voluntarily, and with the assistance of competent counsel, waived any actual or potential conflicts which might arise in this case resulting from KD Law's prior representation of three Blackstone employees and KD Law's joint representation of Defendants Blackstone and Braun in this federal prosecution.

The Court separately inquired of Mr. Kuehne and Mr. Davis whether they would be able to fulfill their ethical and professional responsibilities to Defendants Braun and Blackstone in this case in light of the joint representation and in light of their prior representation of three witnesses before the grand jury in 2018. Both Mr. Kuehne and Mr. Davis each stated that they would be able to fulfill their ethical and professional duties in all respects and zealously represent Co-defendants Braun and Blackstone in this criminal prosecution. The two defense attorneys also represented that their clients were fully aware of any actual or potential conflicts and have knowingly, voluntarily, and intelligently waived all such conflicts.

7

Finally, the Court heard argument from the Government and from defense counsel before making its decision in this matter.

## II. Relevant Case Law

When ruling on a motion to disqualify defense counsel filed by the Government in a criminal prosecution back in 1991, the Honorable Edward B. Davis, former Chief Judge of this District[4], stated as follows: "The sixth amendment right to counsel is perhaps the most precious of constitutional rights a criminal defendant possesses. It ensures that an accused has an advocate, skilled in the art of trial advocacy, to test the evidence offered and challenge the allegations levied by the government." *United States v. Urbana*, 770 F. Supp. 1552, 1555 (S.D. Fla. 1991). The "choice of counsel may be the most pivotal decision an accused will make." *Id.* at 1556. This Court agrees wholeheartedly with former Chief Judge Davis.

The law in the Eleventh Circuit is clear. "In determining whether to disqualify a defendant's counsel, a court must balance the right to counsel of defendant's choice with the defendant's right to a conflict-free attorney." *United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir. 1994); *United States v. Kaley, No. 07-80021-CR, 2014 WL 3734679*, at *5 (S.D. Fla. June 19, 2014) (citing *Wheat v. United States*, 486 U.S. 153, 162–63 (1988)). In the pre-trial stage, a court may disqualify an attorney if it determines that either an actual or a potential conflict of interest exists. *See Ross*, 33 F.3d at 1523; *United States v. Culp*, 934 F.Supp. 394, 399 (M.D. Fla. 1996). In *Ross*, the Eleventh Circuit set out the following analysis for courts to use when considering a motion for disqualification:

> The need for fair, efficient, and orderly administration of justice overcomes
> the right to counsel of choice where an attorney has an actual conflict of

---

[4] Former Southern District of Florida Chief Judge Edward "Ned" B. Davis was a legendary trial judge. He was a brilliant man who was greatly respected throughout the legal community. He passed away in 2010.

8

> interest, such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial. When an actual conflict of interest exists, the client is denied effective assistance of counsel, and the attorney may be disqualified. Indeed, even a potential conflict suffices for disqualification.
>
> . . . .
>
> In deciding whether the actual or potential conflict warrants disqualification, we examine whether the subject matter of the first representation is substantially related to that of the second. Our goal is to discover whether the defense lawyer has divided loyalties that prevent him from effectively representing the defendant. If the conflict could cause the defense attorney improperly to use privileged communications in cross-examination, then disqualification is appropriate. Indeed, it is also true that disqualification is equally appropriate if the conflict could deter the defense attorney from intense probing of the witness on cross-examination to protect privileged communications with the former client to advance the attorney's own personal interest.

*Ross*, 33 F.3d at 1523.

In deciding whether a potential conflict merits disqualification of defense counsel due to defense counsel's prior representation of a witness, this Court must inquire whether the subject matters of the prior and current representations are substantially related, in order to determine whether the potential defense counsel has "divided loyalties that prevent him from effectively representing the defendant." *Ross*, 33 F.3d at 1523. "If the conflict could cause the defense attorney improperly to use privileged communications in cross-examination, then disqualification is appropriate." *Id.* A substantially related matter is found where the prior representation is "akin to the present action in a way reasonable people would understand as important to the issues involved." *United States v. Delorme*, No. 07-20543, 2009 WL 33836 at *6 (S.D. Fla. Jan. 5, 2009) (citing *Estate of Jones v. Beverly Health and Rehabilitation Servs., Inc.*, 68 F. Supp. 2d. 1304, 1310 (M.D. Fla. 1999) (quoting *In re Corrugated Container Antitrust Litig.*, 659 F.2d 1341, 1346

(5th Cir. 1981)).

In deciding whether joint representation of two co-defendants in a federal criminal case should be allowed, or should lead to disqualification of defense counsel, the Court must look to Federal Rule of Criminal Procedure 44(c), hold a *Garcia* hearing, and consider the applicable facts and law. Federal Rule of Criminal Procedure 44(c)(2) states in relevant part:

> The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Fed. R. Crim. P. 44. Moreover, *United States v. Garcia* specifically requires that courts do the following:

> scrupulously evaluate the insistence of the defendants on the right to privately retained counsel of their choice even though the district court may discern a conflict of interest in such representation. In addition, that court must also carefully evaluate the persistent efforts of the defendants to waive any imperfections in such representation which may be apparent to the court. The trial court should actively participate in the waiver decision.

*United States v. Garcia*, 517 F.2d 272, 277 (5th Cir. 1975), *abrogated by Flanagan v. United States*, 465 U.S. 259 (1984).

**III.  Analysis**

   *a.  Prior Representation of Three Witnesses by KD Law*

Regarding the Government's Motion to Disqualify KD Law from representing Defendants Braun and Blackstone in this criminal case due to KD Law's prior representation of three Blackstone employees before the grand jury in 2018, the Court makes the following findings.

First, the Court finds that KD Law's prior representation of the three witnesses, Mr. Herron, Mr. Roberts, and Mr. Clark, before the grand jury in 2018 is "substantially related" to the

10

present criminal indictment of Defendants Braun and Blackstone for purposes of Florida Bar Rule Regulating Professional Conduct 4-1.9(a). and *United States v. Ross*. This is clear because the three witnesses appeared before the grand jury which issued the pending Indictment against Defendants Braun and Blackstone.

Second, the Court finds that the interests of Defendants Braun and Blackstone in this case are not "materially adverse" to the interests of the three former clients of KD Law, or vice versa. All three of the former clients of KD Law stated that they believed that KD Law solely represented them in their capacity as employees of Blackstone. Their representation by KD Law was limited to a brief grand jury appearance for each of the three witnesses back in 2018, and each of them stated that they imparted no confidential information to KD Law at any time. Thus, there is no possibility that KD Law can use information relating to their representation of the three witnesses to the disadvantage of the three former clients in this criminal prosecution. Fla. Bar R. 4-1.9(b). There is no direct conflict between Defendants Braun and Blackstone and the three witnesses, and no risk that confidences of the three witnesses will be disclosed or used against them. There is no divided loyalty by KD Law between Defendant Braun, Defendant Blackstone, and the three witnesses.

Third, the three prior clients of KD Law, Mr. Herron, Mr. Roberts, and Mr. Clark, have all given informed consent to the representation by KD Law of Defendants Braun and Blackstone, and they have waived any actual or potential conflicts of interest which may arise. Likewise, Defendants Braun and Blackstone have both given informed consent to their representation by KD Law and have waived any actual or potential conflicts of interest which may arise in this case.

The Court has carefully reviewed the parties' papers, the exhibits, the facts, the applicable case law, and the argument of counsel. The Court has also observed the demeanor of the five

witnesses who testified at the April 22, 2019 hearing. Mr. Herron, Mr. Roberts, and Mr. Clark all testified that they were formerly represented by KD Law on a limited basis as employees of Blackstone during their respective grand jury appearances in 2018. Each of the individuals additionally testified that they did not disclose any confidences to KD Law. Furthermore, Mr. Herron, Mr. Roberts, Mr. Clark, Defendant Braun, and Defendant Blackstone (through Defendant Braun and Mr. Wheat) all knowingly, intelligently, and voluntarily waived any actual or potential conflict of interest which may arise in this case with the assistance of competent counsel. Thus, although there is no real conflict in this case, each of the affected persons and the corporate defendant have fully waived any actual or potential conflict.

The Court emphasizes that this case is distinguishable from the typical cases involving conflict of interest based upon prior representation of a witness, such as *United States v. Ross*, 33 F.3d 1507, and *United States v. Cordoba*, No. 12-20157-CR, 2013 WL 5741834, at *1 (S.D. Fla. Oct. 17, 2013). In those cases, the defense counsel represented a client through the disposition of that individual's criminal case.[5] The same counsel then wished to represent a second client when the attorney's former client was going to be testifying against the second client. Those type of cases are much more straightforward and more often necessitate disqualification of counsel. In those types of cases, defense counsel typically has to cross-examine a cooperating witness who defense counsel previously represented in a criminal case. Such a cooperating witness is often testifying under a cooperation plea agreement and/or immunity agreement which defense counsel

---

[5] In *Ross*, a lawyer previously represented an individual (Roberto Aspuru) in a criminal case where Aspuru pled guilty, entered into a cooperation plea agreement, and then became a principal witness against the lawyer's current client. 33 F.3d at 1522. In *Cordoba*, defense counsel represented Defendant Cordoba and also represented a person named Ernesto Cambara who was a material witness against Cordoba and who refused to waive the conflict of interest. 2013 WL 5741834, at *1-3.

helped to negotiate. Such a scenario presents defense counsel with the impossible dilemma of cross-examining one former client to benefit another current client. This type of scenario is wrought with conflicts. The instant factual situation is much different and does not require disqualification. Here, KD Law simply represented three individuals in their capacity as Blackstone employees for a short period of time during a relatively brief grand jury appearance. The three witnesses are not cooperating witnesses, nor were they ever criminally charged. The three witnesses never sought or obtained immunity and are mere "fact witnesses." There is no material adversity between the three witnesses and Defendants Braun and Blackstone. This case is more akin to *United States v. Kaley*, 2014 WL 3734679, *supra*, in which the Court permitted defense counsel to jointly represent two co-defendants despite having previously represented an acquitted co-defendant.

In balancing the factors laid out in *Ross* and the two competing Sixth Amendment principles, the Court finds Defendants' right to counsel should be honored in this case. The Court finds that it would be severely prejudicial to Defendants Braun and Blackstone if KD Law were disqualified at this juncture. This is a very complicated case to prepare and try given the facts and requisite scientific knowledge, and KD Law has been involved in the case since the investigation stage over two years ago. KD Law has experienced, excellent attorneys who are well versed in the specific facts of this case and the law and rules applicable to the charges lodged by the Government against Defendants Braun and Blackstone. KD Law has a wealth of historical and factual knowledge of this case, and it would be very time consuming, expensive, and prejudicial to Defendants Braun and Blackstone if they had to retain new counsel at this point in this federal

prosecution.[6] The Court is convinced that KD Law will vigorously and ethically represent Defendants Braun and Blackstone and that such representation will not be limited in any way because of their prior representation of the Blackstone employees. Nor will Mr. Herron, Mr. Roberts, or Mr. Clark suffer any prejudice or violation of confidences as a result of KD Law's representation of Defendants Braun and Blackstone.

### b. *Joint Representation of Co-defendants Braun and Blackstone*

With regard to the joint representation issue, as explained above, the Court held an extensive *Garcia* hearing/evidentiary hearing pursuant to Federal Rule of Criminal Procedure 44(c) and applicable case law. *See, e.g., McCorkle v. United States*, 325 F. App'x 804, 808 (11th Cir. 2009); *United States v. Abbell*, 900 F. Supp. 449, 453 (S.D. Fla. 1995); *United States v. Schneider*, 322 F. Supp. 3d 1294, 1296 (S.D. Fla. 2018). Defendants Braun and Blackstone are fully aware of the conflicts that could arise in this case due to KD Law's joint representation of both Defendants in this criminal prosecution. Both Co-defendants believe that their interests are aligned and not adverse. And, after being made aware of conflicts which could arise in this case due to KD Law's joint representation of Defendants Braun and Blackstone, both Braun and Blackstone fully waived any such conflicts of interest. Defendant Braun's waiver of any such conflict of interest on his behalf was fully informed, intelligently made, and aided by the advice of competent counsel. Likewise, the two owners and authorized representatives of Blackstone, Mr. Wheat and Defendant Braun, were both fully informed of the conflicts of interest which could arise in this case due to the joint representation of Defendants Braun and Blackstone, and they both knowingly and intelligently waived any such conflicts on behalf of Blackstone after being aided by competent counsel. The Court has no real concerns about the joint representation by KD Law of

---

[6] Trial is currently scheduled for May 28, 2019. [DE 125].

Co-defendants Braun and Blackstone in this case, based upon the facts of this case and the applicable law.

Defendant Braun's waivers of conflicts of interest on behalf of both himself and Blackstone, and Mr. Wheat's waivers of conflicts of interest on behalf of Blackstone, were legally sufficient and unequivocal. The Government appears to argue that neither Defendant Braun nor Mr. Wheat should be permitted to waive conflicts of interest on Defendant Blackstone's behalf. However, Defendant Braun and Mr. Wheat are the sole owners of Blackstone. There is no other person who could waive a conflict of interest on behalf of Blackstone. If the Court found that Defendant Braun and Mr. Wheat could not waive conflict on behalf of Blackstone, there would also be no one available to select a different attorney for Blackstone. This would be a nonsensical situation since the case law mandates that a corporation must be represented by counsel in a criminal proceeding, *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), and, further, that the Court cannot appoint counsel for a corporate defendant under the Criminal Justice Act. *See United States v. Rivera*, 912 F. Supp. 634, 638 (D.P.R. 1996). In sum, it would be illogical for the Court to find that Defendant Braun and Mr. Wheat are not qualified to waive conflict on behalf of Blackstone. The Court finds they have properly waived any actual or potential conflicts on behalf of Defendant Blackstone.

  *c.* ***The Combined Conflicts***

The Government argues that the combined effect of the two conflicts, that is, the combined effect of the conflicts caused by the prior representation by KD Law of the three witnesses <u>and</u> the joint representation by KD Law of two co-defendants, mandates disqualification. The Court disagrees. This is a case where Defendants Braun and Blackstone have made it forcefully known

that they want KD Law to represent them in this case. Defendant Braun has full confidence in Mr. Kuehne, and Blackstone has full confidence in Mr. Davis. Both Defendants have full confidence in KD Law.

Furthermore, the Court has fully considered the fair, efficient, and orderly administration of justice, as well as the Court's integrity, as factors in its decision as to both the joint representation conflict issue and the successive representation conflict issue. The Court has also fully considered the interest in foreclosing attacks on both the process and the waivers elicited in this case. None of those factors require disqualification of counsel. The facts of this specific case are such that no appearance of impropriety will arise by allowing Defendant Blackstone and Defendant Braun to have their counsel of choice represent them even though both counsel are partners at the same law firm.

The Court finds that Defendants Braun's and Blackstone's choice of counsel should be permitted in this case. It is clear to the undersigned that defense counsel Mr. Kuehne and Mr. Davis do not have divided loyalties that would prevent either of them from effectively representing Defendants Braun and Blackstone. It is equally clear to the Court that there exists no conflict of interest which could cause Mr. Kuehne or Mr. Davis to improperly use privileged communications or information in cross-examination. Moreover, the Court finds that the conflicts alleged will not deter Mr. Kuehne or Mr. Davis from intense probing of any witness on cross-examination to protect privileged communications with the former client or to protect the attorneys' own personal interests. After conducting the balancing test required by *United States v. Ross*, Defendants' right to counsel of choice—KD Law—carries the day.[7]

---

[7] As it did in *U.S. v. Cordoba*, 2013 WL 5741834, *supra*, this Court would not hesitate to disqualify counsel if it were necessary and appropriate in this case. It is clear to the Court that, in the instant case, disqualification is not only

16

## IV. Conclusion

The Government's Motion to Disqualify Defense Counsel as to Defendants Phillip Braun and Blackstone Labs, LLC [DE 71] is **DENIED**. After a thorough and searching *Garcia* hearing pursuant to Rule 44(c) and a thorough evidentiary hearing, the Court shall permit the joint representation of Defendants Braun and Blackstone by KD Law. Ben Kuehne, Esq., shall be permanent counsel for Defendant Braun, and Michael Davis, Esq., shall be permanent counsel for Defendant Blackstone.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 29th of April 2019.

WILLIAM MATTHEWMAN
United States Magistrate Judge

---

unnecessary, but would also violate Defendants' right to counsel of choice.