UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 19-80030-CR-DIMITROULEAS

    Plaintiff,

vs.

PHILLIP BRAUN,
AARON SINGERMAN,
ANTHONY VENTELLA,
JAMES BOCCUZZI,
DAVID WINSAUER,
BLACKSTONE LABS, LLC, and
VENTECH LABS, LLC,

    Defendants.
_____/

## **O R D E R**

THIS CAUSE is before the Court on Defendants' January 30, 2020 Redacted First Motion to Dismiss Counts 1, 4-8[1] [DE-247]. The Court has considered the Government's February 10, 2020 Response [DE-258] and Defendants' February 25, 2020 Reply [DE-297] and having heard arguments of counsel on March 2, 2020, finds as follows:

1. Defendants seek to dismiss certain counts or strike references to dimethazine, methylstenbolone and methyl-1-etiocholenolol from the Indictment, as Defendants contend they are not illegal under the United States Criminal Code.

2. Whether a substance is a controlled substance is a question of law for the Court to decide. *U.S. v. Phifer*, 909 F. 3d 372, 385 (11th Cir. 2018) *citing, McDermott Int'l v. Wilander*, 498 U.S. 337, 356 (1991). It is a fact question for the jury to determine whether the defendant

---

[1] Replacing DE-216

knew the substance was a controlled substance under federal law. *McFadden v. U.S.*, 135 S. Ct. 2298 (2015).

3. The term "substantially similar" is not unconstitutionally vague. *Id.* It does not appear to be unconstitutionally vague as applied to some of the defendants. *See U.S. v. Barton*, 2019 WL 6218670 (E.D. La. 2019).

4. By viewing the plain language of the statute, it is clear that Congress intended to include substances that were substantially similar to anabolic steroids as illegal substances, as long as they were marketed as promoting muscle growth or having a pharmacological effect similar to testosterone. The starting point in construing a statute is the language of the statute itself. *Randall v. Loftgarden*, 478 U.S. 647, 656 (1986); *U.S. v. Acosta*, 421 F. 3d 1195, 1197 (11th Cir. 2005); *U.S. v. Duran,* 596 F. 3d 1283, 1291 (11th Cir. 2010). 21 U.S.C. § 802(41)(C) defines an anabolic steroid as a drug, not listed in paragraph (A), that has a chemical structure substantially similar to an anabolic steroid in paragraph (A), that is intended to promote muscle growth or cause a pharmacological effect similar to that of testosterone and is intended to be marketed or promoted suggesting that it will promote muscle growth or have a pharmacological effect similar to testosterone. While the Court need not go beyond the plain language of the statute, it appears that the House Energy Report from H.R. 4771 supports the Government's position that the 2014 DASCA legislation gave the DEA the tools to protect consumers from dangerous products:

> Background and Need for Legislation
>
> Misbranded products that contain designer anabolic steroids present serious health risks to consumers. Consumers oftentimes unknowingly purchase products labeled as dietary

supplements that contain such ingredients.  Anabolic steroids are synthetic forms of testosterone that can be extremely dangerous and are Class III controlled substances under the Controlled Substances Act.  To skirt the law, however, certain entities alter the chemical structure of such substances and promote these designer products for their anabolic effects.  H.R. 4771 provides the Drug Enforcement Administration (DEA) with the tools and authority to protect consumers from these dangerous products.

The Court is not persuaded that omitted language from proposed earlier versions of the statute changes this court conclusion.  The Court does not accept Defendant's position that the analogue aspect of the statute was "written out" of the 2014 DASCA legislation.  Legislative inaction or action can occur for a number of reasons.  An argument for the application of the "Rejected Proposal Canon" would be more persuasive if the rejection had occurred within the same session of Congress.

5.  The Court finds the appellate opinions on the Analogue Act to be applicable to the DASCA statute. *See, U.S. v. Carlson,* 87 F. 3d 440 (11th Cir. 1996); *U.S. v. Fisher,* 289 F. 3d 1329 (11th Cir. 2002).

Wherefore, Defendant's Redacted First Motion to Dismiss [DE-247] is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of March, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record