UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-80030-CR-DIMITROULEAS

UNITED STATES OF AMERICA

v.

PHILLIP DREW "PJ" BRAUN

**SUPPLEMENT TO SENTENCING MEMORANDUM OF DEFENDANT BRAUN**

Defendant Phillip Drew "PJ" Braun submits his Supplement to the Sentencing Memorandum (DE649) in support of the imposition of a sentence of no more than the sentence imposed on codefendant Singerman (DE684), and one that is meaningfully lower at not greater than 48 months of incarceration. Such a sentence is a reasonable adjustment of the lower end of the Level 26 Guideline Range set out in Paragraph 143 of the Presentence Investigation Report (PSI) (DE637), is consistent with the terms of the Plea Agreement (DE534), and recognizes the relative culpability of the various participants in the operation of Blackstone Labs LLC. The requested sentence will promote sentencing uniformity and avoid sentencing disparity, as is authorized by 18 U.S.C. § 3553(a)(6) and is "sufficient but not greater

than necessary" to comply with the goals of sentencing expressed in 18 U.S.C. § 3553(a)(2).

Mr. Braun's guideline range of 63-78 months is substantially less than that calculated for codefendant Singerman (78-97 months). The Court sentenced Singerman to 54 months without any downward departure or substantial assistance motion by the government. Mr. Braun completed his bond requirements in all particulars without incident; he did not incur any violations of law during his pretrial and post-plea bond status, worked to overcome his substance abuse history without incident, and engaged in no misconduct throughout the course of this case.

The facts and circumstances of Mr. Braun's case, his full and forthright acceptance of responsibility, consideration of his many life-threatening medical and health conditions, and the factors enumerated in 18 U.S.C. § 3553(a) support a sentence not greater than forty-eight (48) months of incarceration. This sentence is sufficient to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, as authorized by 18 USC § 3553(a)(6).

Mr. Braun asks this Court to recommend designation by the

Bureau of Prisons (BOP) to a federal prison or a low security institution. He supplements that request by asking the Court to recommend designation to FPC Montgomery at Maxwell Air Force Base in Montgomery, AL, a facility that offers participation in the RDAP (Residential Drug and Alcohol Program) that will be a significantly positive factor in Mr. Braun's rehabilitation while incarcerated. Alternatively, Mr. Braun seeks a recommendation to the Federal Prison Camp at FCC Coleman in Central Florida.[1]

As outlined in Mr. Braun's PSI (¶¶168-172) and further explained in his Sentencing Memorandum (DE649), Mr. Braun has struggled with alcohol and self-medication during times of depression and stress. He continues to work earnestly to overcome his use of bodily enhancers and supplements. His efforts to reduce his dependency on and use of Tianeptine and Kratom, both of which are discussed in his Sentencing Memorandum, have met with modest

---

[1] Mr. Braun explained in his Sentencing Memorandum, augmenting the PSI, that his extensive medical conditions are a serious source of concern for his continued health and wellbeing during his incarceration. Recently, Forbes published an article explaining the difficulties encountered by the U.S. Bureau of Prisons in trying to control the spread of Covid-19 in its facilities. Pavlo, Walter, "Statistics Show Federal Bureau of Prisons Unable to Implement Key Policies During Crisis," Forbes (February 7, 2022), available at https://www.forbes.com/sites/walterpavlo/2022/02/07/statistics-show-federal-bureau-of-prisons-unable-to-implement-key-policies-during-crisis/?sh=282e815d7585.

success, but is still a daily struggle. Kratom, while an unwise choice of a chemical supplement, has helped Mr. Braun reduce his recurring temptation to use alcohol to medicate away his stress and the consequences of his Chronic Active Epstein-Barr Syndrome. The Kratom is often used by alcoholics to deal with the symptoms of anxiety, pain, and depression, all of which Mr. Braun has fought through for much of his adult life. Mr. Braun's efforts to rehabilitate himself from his alcohol dependency has included previous participation in alcohol rehabilitation and treatment programs. His past failures to cure his dependency, despite his good faith efforts, are another reason justifying an RDAP recommendation.

Mr. Braun's role in Blackstone Labs, as explained in the PSI, was initially focused on the marketing aspects of Blackstone's products, capitalizing on his success as a prominent and award-winning body-building champion. When codefendant Aaron Singerman was removed from Blackstone due to business misconduct (including embezzlement of company funds by Mr. Singerman and his father-in-law, disbarred former lawyer Howard Gaines), Mr. Braun took over management of the company. During that time, Blackstone worked to protect its intellectual property and

customer lists from Mr. Singerman, who was using Blackstone's proprietary materials without authorization to jumpstart his competing business, Redcon.

As noted in the PSI and Sentencing Memorandum, Mr. Braun fully and completely accepted responsibility for his criminal conduct. He continues to do so. He is doing all that is within his control to assure this Court, the Probation Office, and the Department of Justice that he is in no way involved in any ongoing misconduct.

Yet, during the Singerman sentencing, it was alleged by Mr. Singerman's lawyer that Mr. Braun claimed in a podcast by Nick Trigilli that he (Mr. Braun) was not remorseful for his criminal conduct. That is untrue. Mr. Braun, having pled guilty, has at all times accepted responsibility for his criminal conduct and is remorseful for his misdeeds. The attached statement from the podcast producer, Nick Trigilli, makes clear that Mr. Braun had absolutely no involvement with Mr. Trigilli's statements and never discussed his plea or its ramifications with Mr. Trigilli. The Verified Statement of Nick Trigilli (Attachment A) confirms the true facts.

Contrary to information provided to the court during the Singerman sentencing, Mr. Braun is not a user of illegal injectable

steroids. The PSI contains no information supporting that inaccurate and untrue assertion, and there is no independent factual basis for that accusation. Mr. Braun's use of hormones and steroidal supplements was the result of authorized medical treatment through his treating physician.

The facts and circumstances of Mr. Braun's case, his full and forthright acceptance of responsibility, consideration of his many life-threatening medical and health conditions, [2] and the factors enumerated in 18 U.S.C. § 3553(a) support a sentence no greater than the lower end of the guidelines range and warrant a sentence not greater than forty-eight (48) months of incarceration.

Respectfully submitted,

*s/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**
Florida Bar No. 233293
**KUEHNE DAVIS LAW, P.A.**
100 S.E. 2nd St., Suite 3105
Miami, FL 33131-2154
Tel: 305.789.5989
Fax: 305.789.5987
ben.kuehne@kuehnelaw.com
efiling@kuehnelaw.com

---

[2] Consistent with the efforts of Mr. Braun's treating physicians to stabilize his health for the period of incarceration, Mr. Braun's doctors continue to monitor his medical progress. Dr. Steinberg recently adjusted Mr. Braun's medical protocol, as reflected in Attachment B.

## CERTIFICATE OF SERVICE

I CERTIFY on February 16, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

By: *s/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**

## VERIFIED STATEMENT OF NICK TRIGILLI

Under penalty of perjury, I declare this statement is true and correct.

My name is Nick Trigilli.

I produce a Podcast that caters to bodybuilding, weigh-lifting, and gym enthusiasts.

I followed the criminal case against Blackstone Labs and its employees.

When I learned individuals from Blackstone Labs pled guilty, I talked about that situation on my Podcast.

At no time did I speak with PJ Braun about his guilty plea or his reasons for pleading guilty. I had no communication with PJ about his plea or the consequences to him in the criminal case.

My statements during my Podcast were not the result of any information I learned from or thorough PJ Braun. I was not speaking for him or expressing any information I had obtained from him or on his behalf. My comments were solely my own and not PJ's, and I was not passing along any information on his behalf.

February 16, 2022.

NICK TRIGILLI

Attachment A

# ROBERT L STEINBERG, MD

2101 NW Corporate Blvd Ste 212
Boca Raton, FL 33431
phone: (561) 994-4681
fax: (561) 994-4683

January 20, 2022

To Whom It May Concern:

This is an update from letter of December 15, 2021

This is to state that Philip Braun is under my care and I prescribe him the following medications:

Paroxetine 30 mg po qhs
Doxepin 20 mg po qhs

Sincerely,

Robert L Steinberg, MD

Document Type: General Letters
Document Name: BRAPHI_20220120_Letters

Attachment B