**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 19-80030-CR-DIMITROULEAS/MATTHEWMAN**

UNITED STATES OF AMERICA

vs.

PHILLIP BRAUN,

Defendant

_____/

**MOTION FOR APPLICATION OF PROPOSED U.S.S.G. SEC. 4C.1**

Comes now the Defendant Phillip Braun by and through undersigned counsel, and hereby moves this Honorable Court to entertain this Motion and thereafter enter an Order consistent with the new amendments to the U.S.S.G. that became effective November 1, 2023, and subsequently stated to become effective retroactively February 1, 2024 and as grounds therefore respectfully shows unto the Court the following:

1.  No previous motion seeking this relief has been filed.

2.  This Honorable Court has recently recognized the application and implication of this change by the U.S.S.C. in the co-defendant James Boccuzzi's case issuing an "Order

Requesting Response" to the government regarding same as it applies to that defendant. (Doc. 772, docketed October 4, 2023).

3. Undersigned counsel respectfully asserts that he should be accorded the same potential relief.

4. At the April 5, 2023 Meeting of the United States Sentencing Commission Equipped with a quorum of Commissioners for the first time since 2018, on April 5, 2023 the bipartisan United States Sentencing Commission voted to promulgate amendments to the federal sentencing guidelines. "The Sentencing Commission is back in business," said Chair Carlton W. Reeves. "Today, we are listening to Congress and the public by increasing first steps toward second chances, taking targeted action on gun trafficking and fentanyl, and expanding alternatives to incarceration."

The Commission revised guidance to courts regarding people facing their first federal conviction. Relying on data and extensive analysis about recidivism, the Commission acted to maximize public safety and encourage consideration of alternatives to incarceration.

According to the Sentencing Commission's web site "the Commission will send final amendments to Congress by May 1, 2023. If Congress does not act to disapprove the amendments, they will take effect on November 1, 2023. See http://www.ussc.gov/about/news/press-releases/april-5-2023

Of specific applicability to defendant Braun is what will be the newly added guideline to be §4C1.1 which the Sentencing Commission unanimously passed.

That amendment is entitled "Adjustment for Certain Zero Point Offenders."

These amendments can be seen in their entirety at:

www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-

amendments/20230405_prelim-RF.pdf, specifically at pages 80-81 jointly proposed

***an additional two level reduction for some but not all first time offenders***. The

analysis under this newly minted guideline is extensive and requires that the defendant

meet ten separate criteria in order to qualify for this additional two level reduction.   The

criteria for qualification for these additional two levels and the guideline itself is

as follows:

PART C — ADJUSTMENT FOR CERTAIN ZERO-POINT
OFFENDERS
§4C1.1. Adjustment for Certain Zero-Point Offenders

(a) ADJUSTMENT. —If the defendant meets all of the following

criteria:

(1) the defendant did not receive any criminal history points from

Chapter Four, Part A;

(2) the defendant did not receive an adjustment under §3A1.4

(Terrorism);

(3) the defendant did not use violence or credible threats of violence

in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial

hardship;

(7) the defendant did not possess, receive, purchase, transport,

transfer, sell, or otherwise dispose of a firearm or other dangerous

weapon (or induce another participant to do so) in connection with

the offense;

(8) the instant offense of conviction is not covered by §2H1.1

(Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate

Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human

Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1

(Aggravating Role) and was not engaged in a continuing criminal

enterprise, as defined in 21 U.S.C. § 848; **decrease the offense level determined**

**under Chapters Two and Three by 2 Levels.** (emphasis supplied).

3. District Courts have begun recognizing and  invoking the principles of the newly
proposed  Amendment. Most recently in the USDC/NDFL (see *United States v. Tina
Le*; 21-CR-61; and see, e.g.: Judgment and Commitment entered July 26, 2029, Hon.
Casey Rodgers, United States District Judge); *United States v. Jonathan Yet Wing
Soong* (USDC/NDCA CR-22-372; in  response to defense request in his  "Sentencing
Memorandum" the government stated: "the United States does not oppose defendant's
request for a two-level variance based on the proposed amendment USSG § 4C1.1
given Probation's assessment that defendant meets the criteria for the adjustment."
[Doc. 41]; sentenced April 28, 2023 [Doc. 42]); *United States v. McMillan*, 863 F.3d
1053, 1058 (8th Cir. 2017) ("Although district courts are required to apply the
guidelines in effect on the date of sentencing, they may consider pending amendments
to the guidelines"); *United States v. Ruiz-Apolonio*, 657 F.3d 907, 917 (9th Cir. 2011)
("A sentencing court, of course, has the discretion to grant a variance from the

Guidelines after promulgation but before adoption of a proposed amendment"); *United States v. Lua-Guizar*, 656 F.3d 563, 567 (7th Cir. 2011) ("the court could have considered the pending amendment"); *United States v. Miranda-Garcia*, 417 Fed. Appx. 895, 897 (11th Cir. 2011) (variance based on pending amendments to the U.S. Sentencing Guidelines is "discretionary"); and, *United States v. Frierson*, 308 Fed. Appx. 298, 302-3 (10th Cir. 2007) (defendant given downward departure of 15 months in light of pending amendment to Guidelines).

4. Defendant Braun also wishes the Court to know that co-defendants Singerman and Boccuzzi have long been released back into the community.

5. Defendant Braun remains incarcerated, and has been so without incident since the date of his incarceration having completed the all the RPP classes: #1 Aids Awareness, #2 Dress For Success, #3 Credit and Finance, #6 Stress Management, as well as #4 and #5 just recently which were the Pre- Release Seminars. He has also completed his FSA's: RDAP, Brain Health, Health Seminar, Alcoholics Anonymous, and has 2 more classes for Parenting, in 2 weeks which he will complete. He is scheduled to take TDAP from the halfway house. He has maintained a job the entire time, and was promoted from Unit Orderly in the TV room, to head unit orderly for his building.

6. In his own words, Defendant Braun reflects on his positive attitude and other accomplishments while incarcerated: "After all the hard work, stressful moments, learning experiences, etc. in RDAP I was asked to stand up by the toughest Drug Treatment Specialist in the program, in front of the 100 plus members in the auditorium, complimented on my continuous effort after the program and asked to be the chairman of the Tutoring committee. At first, I was super nervous as to why she was standing me up,

but when she asked me if I was willing, I felt so overwhelmingly proud. She was VERY hard on me the first 8 months of the program. I thought she couldn't stand me to be honest and so did just about everyone else. I stopped and told her thank you for the honor and also said,' You know the first 8 months of this program my self-talks were often: WHY DOESE SHE HATE ME SO MUCH!? ' LOL, but instead of complaining or putting paperwork down like a lot of inmates do when they are angry, I was driven to show you who I am and win your praise and now after all that my Fiance and my mother, the two most important people in the world to me, say that they are so impressed with the changes I have made. I don't think I would have pushed myself nearly as hard if it were not for you and I thank you for all you did. ' She told me,' The way I teach is not for everyone but I know who I can push and I do it because I am passionate about my job and give 100% every da. ' I told her I believe that. It was a nice moment. SO now my work is cut out for me the last 47 days with setting up seminars and organizing the rest of the committee but I am happy to do it."

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Braun respectfully moves this Honorable Court to recognize the above proposed Amendment to the U.S.S.G., and thereafter enter an Order incorporating the benefits of same.

Dated: October 13, 2023

Respectfully submitted,

LAW OFFICES OF SEAN FORD, P.A.
1221 S 21 Avenue
Hollywood, FL 33020
Fort Lauderdale, FL 33301
Ph: 954-703-2812
Email: sford@seanfordlaw.com
By: /s/ Sean Ford, Esq.,
Florida Bar No.: 103026
Attorney for PHILLIP BRAUN

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing document was filed electronically with the Clerk of the Court by way of the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of CM/ECF system. Parties may access this filing through the CM/ECF system.

*/s/ Sean Ford*

SEAN FORD